NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BALWINDER SINGH and SUKHWINDER KAUR, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   13-71173 <br><br> Agency Nos.   A088-544-294 <br> A088-544-295 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Balwinder Singh and Sukhwinder Kaur, natives and citizens of India,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's decision denying their application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Singh's inconsistent testimony regarding his participation in Shiromani Akali Dal Amritsar rallies and the discrepancies between Singh and Kaur's testimony as to whether Singh's father participated in securing Singh's release after his third alleged arrest. *See id.*; *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (adverse credibility determination was reasonable under the totality of the circumstances). We reject petitioners' contention that the agency failed to sufficiently consider their corroborative evidence. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (evidence was insufficient to rehabilitate testimony or support independent claim for relief). Thus, in the absence of credible testimony, in this case, petitioners' asylum and withholding of removal claims fail. *See Jiang*, 754 F.3d at 740.

Finally, petitioners' CAT claim also fails because it is based on the same testimony the agency found not credible, and petitioners do not point to any evidence that compels the finding that it is more likely than not they would be

13-71173

tortured by or with the consent or acquiescence of the government if returned to

India. *See id*. at 740-41.

**PETITION FOR REVIEW DENIED.**